IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN McCOLLIGAN * 

Plaintiff *

v. * Civil Action No. JKB-13-1546

WARDEN, *

Defendants *
\*\*\*

## MEMORANDUM

State prisoner John McColligan filed correspondence stating he is in danger while housed at the Eastern Correctional Institution (ECI) and requesting injunctive relief. ECF No. 1. The court construed the correspondence as a complaint and directed the Maryland Attorney General file a show cause response concerning McColligan's safety, and noted counsel's response would constitute neither acceptance on behalf of any named defendants, nor waiver of any arguable defenses. ECF No. 2. The Maryland Attorney General responded and plaintiff replied. ECF Nos. 6 & 10. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).

For the following reasons, the court finds emergency injunctive relief is unwarranted. Emergency relief will be DENIED and plaintiff's complaint dismissed.

### I. BACKGROUND

McColligan, a self-represented inmate, initiated these proceedings by claiming that he feared for his safety while housed at Eastern Correctional Institution (ECI). ECF No. 1. Subsequent to the filing of defendants' response which indicated that plaintiff was safely housed at ECI (ECF No. 6), plaintiff advised the court that he was transferred from ECI to the Maryland Correctional Institution-Hagerstown. ECF No. 10. Plaintiff stated he remained on a transfer list and indicated he

feared a transfer to Cumberland, Maryland where he alleges he cannot be safely housed.[1] *Id.* A review of the Maryland Department of Public Safety and Correctional Services (DPSCS) Inmate Locator reveals that plaintiff is currently housed at the Jessup Correctional Institution.[2]

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, see *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (*per curiam*).

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). Where developments occur during the course of a case that prevent the court from being able to grant the relief requested, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed,

---

[1] Plaintiff's previously filed request for injunctive relief, raising safety concerns while housed at the Western Correctional Institution (WCI) in Cumberland, Maryland was denied. *See McColligan v. Warden*, JKB-11-1874 (D. Md).

[2] *See* http://www.dpscs.state.md.us/inmate/

"[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990).

The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear that plaintiff is no longer housed at ECI, his request for injunctive relief has been rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed. A separate Order follows.

Dec. 9, 2014
Date

James K. Bredar
United States District Judge